UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIARA HAROLD**, Plaintiff | **CIVIL ACTION NO: 23-06779** |
| **VERSUS** | **JUDGE/SECTION:**<br>GREG G. GUIDRY/ "T" |
| **INDEPENDENT ORDER OF FORESTERS**, Defendant | **MAGISTRATE/DIVISION:**<br>DONNA PHILLIPS CURRAULT/"2" |

### ORDER AND REASONS

Before this Court is Defendant Independent Order of Foresters' ("Foresters") Motion to Dismiss Without Prejudice (R. Doc. 8), pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff, Kiara Harold, filed an opposition. R. Doc. 13. To which Defendant filed a Reply. R. Doc. 16. For the following reasons, the Court will GRANT the Motion to Dismiss without prejudice.

### FACTS

This case arises from a life insurance policy, wherein Defendant is the insurer and Plaintiff, Kiara Harold, is the owner and beneficiary of the policy. R. Doc. 8-4. The policy, No. 91197234, insured the life of Jeremiah Sims and was issued on June 24, 2021. *Id.* On September 10, 2022, Harold filed a statement of claim for death benefits under this policy, reporting that Mr. Sims had passed away on August 6, 2022. *Id.* R. Doc. 8-5. Accompanying this statement were an authorization for the release of medical records and an authorization for disclosure of medical and health-rated information. These documents were executed by Harold in her capacity as "common law spouse." *Id.*

1

Because the insured died within two years of applying for the policy, during the so-called contestability period, Foresters initiated a routine investigation. R. Doc. 8-4. As part of this investigation, it requested medical records from Lallie Kemp Regional Medical Center and North Oaks Medical Center, which predated the application. *Id.* The requests to both facilities were denied because they needed authorizations and an affidavit signed by a legal representative. R. Doc. 8-6; R. Doc. 8-7. Foresters then forwarded new authorizations and affidavits to Harold with instructions. R. Doc. 8-8. Foresters received no response and sent several follow-up letters in the subsequent months requesting this information. R. Doc. 8-9; R. Doc. 8-10; R. Doc. 8-11. Foresters later received a letter from Harold's attorney with correspondence from Lallie Kemp Regional Medical Center and North Oaks Medical Center. R. Doc. 8-12. However, this correspondence was deemed not helpful because Foresters was seeking records from visits that predated the life insurance application. *Id.*

On October 3, 2023, Harold's attorney provided documents appointing Harold as independent administratrix for Mr. Sims's estate, as well as the completed medical authorizations. R. Doc. 8-13; R. Doc. 8-14. Foresters recommenced its investigation and obtained the requested medical records from Lallie Kemp Regional Medical Center and North Oaks Medical Center. Foresters now states it has received all of the medical records it has been seeking, but it has yet to decide whether to pay the benefits of the life insurance policy or to deny the claim. *See* R. Doc. 22.

## APPLICABLE LAW

Federal Rules of Civil Procedure Rule 12(b)(1) allows claims to be dismissed based on a lack of subject matter jurisdiction. Underneath the umbrella of Rule 12(b)(1) is the challenge of ripeness or prematurity. "Ripeness ensures that federal courts do not decide disputes that are

'premature or speculative.'"[1] "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required."[2] The primary considerations for ripeness are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."[3] Thus, "a court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical.[4]

## DISCUSSION

The parties satisfy the requirements for diversity jurisdiction. They are citizens of different states, Harold being a Louisiana citizen and Foresters having its principal place of business in Canada.[5] The claim also exceeds the $75,000-dollar threshold for diversity jurisdiction.[6] Thus, the parties are diverse and jurisdiction in this court is proper.

Pursuant to Louisiana Revised Statute 22:931(A)(2), a life insurance policy has an incontestability provision, under which the policy, with limited exceptions, cannot be contested after it has been in force during the lifetime of the insured for a period of two years from its date of issue.[7] Here, the policy was issued on June 24, 2021, Mr. Sims died on August 6, 2022, and Harold filed her claim for death benefits on September 10, 2022. She filed suit on November 9, 2023. Consequently, Mr. Sims died within the two-year contestability window.

Under Louisiana Revised Statute 22:860(B), the insured may be barred from recovery under the policy if the applicant has made material misrepresentations with an intent to deceive.

---

[1] *DM Arbor Court, Limited v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021)(citation omitted).
[2] *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012)(citation omitted).
[3] *Id.*
[4] *Id.*
[5] R. Doc. 1-1.
[6] *Id.*
[7] LA. REV. STAT. § 22:931(A)(2) (2014).

Because the claim falls within the contestability window, Foresters acted within its rights to investigate the claim for any misrepresentations and to determine whether to deny or to allow benefits.

Foresters argues the Motion to Dismiss under 12(b)(1) is proper because the case is premature and thus not ripe for judicial consideration.[8] Harold's opposition has three arguments. First, she argues that prematurity or ripeness is not a ground under a 12(b) motion.[9] Second, she maintains Foresters violated La. Rev. Stat. 22:1811.[10] Third, she argues the appropriate prescriptive period is one year.[11]

First, while ripeness is not one of the seven grounds listed under FRCP 12(b), it is an appropriate claim under 12(b)(1) for lack of subject matter jurisdiction. In *DM Arbor Court, Limited v. City of Houston*, Hurricane Harvey caused damage to Arbor Court Apartments.[12] The Arbor Court Apartments filed suit against the city of Houston for refusing to grant permits to repair their damaged units.[13] The district court eventually dismissed the case under 12(b)(1) because Arbor Court Apartment's claims were not ripe, as the city was still considering the appeal.[14] The Fifth Circuit Court of Appeals found the district court was correct in its conclusion at the time, but did remand.[15] It found the case had not ripened before the district court rendered judgment because the city had yet to deny the permits. However, while on appeal the city decided to deny permits and the court ultimately remanded as the case had ripened.[16] Thus, the court stated, "[t]his leads to the peculiar result of sending a case back to the district court even

---

[8] R. Doc. 8.
[9] R. Doc. 13.
[10] *Id.*
[11] *Id.*
[12] *DM Arbor Court*, 988 F.3d at 217.
[13] *Id.*
[14] *Id.* at 218.
[15] *Id.* at 221.
[16] *Id.*

though it got everything right."[17] Here, Harold's argument fails because a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the proper vehicle to assert a ripeness claim.

Second, Harold argues Foresters has violated La. Rev. Stat. 22:1811, which states that an insurer must settle all death claims under a life insurance policy within sixty days after receipt of due proof of death. The provision further states that, if an insurer fails to do so *without just cause*, the amount due shall bear interest.[18] Here, Foresters asserts it can show just cause for the delay on the basis that the death of the insured occurred during the two-year contestability window and Foresters has yet to conclude its investigation. Thus Harold's right to interest is a potential claim.

Third, Harold argues that, under La. Civ. Code art. 3492, the claim has a prescriptive period of one year from the death of the insured. Moreover, because Sims died on August 6, 2022, Harold asserts the time limit to bring the action would have expired on August 6, 2023. However, as Foresters argues, the Louisiana Supreme Court has held that a plaintiff's first party claims under and devolving from a contract of insurance are personal actions subject to a liberative prescription of ten years under La. Civ. Code art. 3499.[19] Prescription runs from the time of breach or the time the cause of action arises.[20] Regardless of which prescriptive period applies, prescription commences to run from the date of injury or damage sustained. Here, Foresters has yet to decide on the claim for death benefits. Therefore, prescription has not commenced to run.

In sum, the claim itself is not ripe for consideration. A case is not ripe if it would benefit from further factual development.[21] In considering whether a case is ripe courts look to whether

---

[17] *Id.*
[18] La. Rev. Stat. 22:1811.
[19] *Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19); 285 So. 3d 1062, 1073 ("first-party bad faith claims against an insurer are governed by the ten-year prescriptive period set forth in La. C.C. art. 3499").
[20] *Id.* (citation omitted).
[21] *Choice Inc. of Texas*, 691 F.3d at 715.

"the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."[22] Thus if a case is abstract or hypothetical it should be dismissed for lack of ripeness.[23]

In this case, Foresters has yet to determine if it will deny or allow the death claim benefits sought by Harold. Because Harold's claims stem from not being paid the benefits due under the life insurance policy, and because Foresters has made no final decision on the claim, the matter is not ripe for judicial determination. Moreover, dismissal without prejudice does not create any undue hardship on either party. Harold is not precluded from filing suit after a determination has been made.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant Independent Order of Foresters' Motion to Dismiss (R. Doc. 8) is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 25th day of April, 2024.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[22] *Id.*
[23] *Id.*